UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL RIVERA<br><br>                                Plaintiff,<br><br>-against-<br><br><br>THE CITY OF NEW YORK,<br>NEW YORK CITY CORRECTIONS OFFICERS<br>JOHN DOE AND JANE DOE 1-10<br><br>                                Defendants, | **CIVIL ACTION<br>NO. 22 cv 00689**<br><br>**JURY TRIAL<br>DEMANDED** |

Plaintiff JOEL RIVERA, by his attorney Law Office of Edward J. Muccini PC and as for his Complaint hereby alleges as follows, upon information and belief:

**PRELIMINARY STATEMENT**

**1.** This is a civil rights action to recover money damages arising out of Defendants' violation of Plaintiff, JOEL RIVERA's, rights as secured by the Civil Rights Act, 42 U.S.C. Section 1985(3), 42 U.S.C. Section 1983 Section 1988, the rights secured by the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York, by which Joel Rivera seeks to recover compensatory and punitive damages from the defendants with respect to his arrest and confinement first by the NYPD at the 75 Precinct from on or about November 10, 2020 to November 12, 2020 and then from November 12, 2020 to November 23,

1

2020 at Rikers Island where the Defendants failed to failure arraign the plaintiff for an excessive amount of time, used excessive force on the plaintiff for no legal reason, and inflicted cruel and inhumane treatment on the plaintiff.

## JURISDTICTION AND VENUE

2. This civil rights action raises federal questions under the United States Constitution, specifically the First, Fourth, Eight and Fourteenth Amendments and is brought pursuant to 42 U.S.C. §§ § 1983 and 1985(3) and 1988.

3. This Court has jurisdiction over Plaintiffs' federal claims under U.S. Const., Art. III., Sec. 2, and under 28 U.S.C. §§ 1331, 1343.

4. This Court has authority to award damages under 28 U.S.C. § 1343, and reasonable attorney fees and costs under 42 U.S.C. § 1988.

5. Venue is proper in this Court under 28 U.S.C. § 1391(a) and (b) because, upon information and belief, all defendants are located within this District and the events or omissions giving rise to the claims occurred in this District.

## PARTIES

6. At all times hereinafter mentioned, the Plaintiff JOEL RIVERA is a resident of the State of New York and Queens County.

7. At all relevant time hereinafter mentioned, defendant City of New York ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including but not limited to the New York City Department of Corrections and their employees.

8. At all relevant times hereinafter mentioned, defendants NEW YORK CITY CORRECTIONS OFFICERS JOHN AND JANE DOE 1-10 were Corrections Officers employed by the Defendant City of New York and the New York City Department of Corrections.

9. A Notice of Claim was timely served by the plaintiff and defendant City of New York.

10. More than thirty (30) days have elapsed since service of said Notice of Claim was filed and the City of New York has failed to pay or adjust the claim.

## STATEMENT OF FACTS

11. Plaintiff JOEL RIVERA was indicted under Indictment No. 1762/2020 on or about October 28, 2020 based upon a direct presentment to the Grand Jury for an alleged Assault in the First Degree and Robbery that occurred on September 24, 2020. The defendant was arrested pursuant to an arrest warrant on or about November 10, 2020 by NYPD officers from the 75 Precinct.

12. On or about November 10, 2020, the plaintiff was taken into custody by Police Officer Ryan Larson of the NYPD and processed.

13. On or about November 12, 2020, Plaintiff was transported from the 75 precinct to New York Department of Corrections correctional facility at Rikers Island where the plaintiff was placed in custody and incarcerated by Defendants until on or about November 23, 2020 without the defendants or any New York City employees or representatives or Department of Corrections employees producing the plaintiff for an arraignment before the Supreme Court on the charges in the indictment.

3

14. On or about November 23, 2020, only after undersigned counsel contacted the New York Department of Corrections legal department repeatedly over more than a week about the failure to arraign the plaintiff, was the plaintiff was finally produced in Supreme Court Kings County and arraigned before a judge where bail/bond was set in the amount of $100,000 Bond, $15,000 cash and $100,000 partially Ten (10%) percent secured surety bond.

15. Plaintiff finally posted bond on or about December 16, 2020 and was released.

16. While the plaintiff was in custody at Rikers Island in the custody of the Defendants, the plaintiff was treated inhumanely and in violation of plaintiff's constitutional rights.

17. During his incarceration at Rikers Island, the Plaintiff was not provided food for many days.

18. During his incarceration at Rikers Island, the Plaintiff was placed in a cell with approximately a dozen other inmates none of whom had masks during the height of the pandemic and the Plaintiff was not provided a bed to sleep in for approximately six days and had to sleep in a holding cell on the floor and other hard surfaces with no blankets, pillows or mattress with a dozen or more other prisoners.

19. While in custody at Rikers Island, the Plaintiff was sprayed with powerful mace in his face for no reason and then when he complained that his skin and eyes were burning, plaintiff was forcibly transported and confined for hours to a shower stall with the water running. No medical treatment was provided for plaintiff's injuries despite plaintiff's repeated requests.

20. All of the above violations of the Plaintiff's constitutional rights were violated and the plaintiff was not informed of his charges and not arraigned by a Court.

21. The aforementioned treatment of the Plaintiff by Defendant City of New York and Defendant New York City Department of Corrections Corrections Officers John Doe and Jane Doe 1-10 subjected plaintiff to an atypical and significant hardship and cruel, inhumane treatment and pain and suffering constituting a due process violation and during that period of time was practice so widespread at Rikers Island that, although the practice may not have been expressly authorized, it constituted a custom and usage of which supervising policy makers must have been aware.

22. At the time the plaintiff was in custody, it was widely reported in the news media in both print and broadcast, that inmates were being treated inhumanely and some were dying while in the custody of the defendants due to the defendants' gross negligence, and depraved indifference to human life and the defendant's practice and custom caused the plaintiff's constitutional violations and injuries.

23. On or about September 14, 2021, the Kings County District attorney ultimately dismissed the aforementioned the indictment.

## FIRST CAUSE OF ACTION

**Pursuant to Section 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)**

24. Paragraphs 1 through 23 are hereby re-alleged and incorporated by reference herein.

25. That Defendants had no legal cause nor excuse to detain Plaintiff for a prolonged

26. period from arrest to arraignment without providing the plaintiff with due process and producing him to Court to be arraigned by a Judge.

27. That Defendants detained Plaintiff excessively prior to arraignment in violation of Plaintiff's civil rights.

28. That Defendants should have know to expeditiously investigate this matter and either release Plaintiff or brought him before a judge in Supreme Court to be arraigned on the indictment.

29. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when it subjected him to an unlawful, illegal and excessive detention, cruel, atypical and inhumane treatment all in violation of his due process rights pursuant to the Fourth, Eight and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

30. That Defendants, through its officers, agents and employees, unlawfully incarcerated Plaintiffs for an excessive period of time prior to arraignment.

31. By reason of the foregoing, Plaintiffs suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other physical and psychological injuries. All of said injuries may be permanent.

## SECOND CAUSE OF ACTION

### Pursuant to State Law (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

32. Paragraphs 1 through 31 are hereby re-alleged and incorporated by reference herein.

33. That as a result of the aforementioned pre-arraignment detention and aforementioned

6

inhumane treatment intentionally caused by Defendants, Plaintiff suffered severe emotional and/or mental distress.

34. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Defendants, Plaintiff suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension, serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, all of which are permanent in nature.

**THIRD CAUSE OF ACTION**

**<u>Pursuant to State Law (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)</u>**

35. Paragraphs 1 through 33 are hereby re-alleged and incorporated by reference herein.

36. That as a result of the aforementioned inhumane treatment intentionally caused by Defendants, Plaintiff, suffered severe emotional distress and physical injuries.

37. That as a result of the aforementioned extreme and outrageous conduct negligently inflicted by Defendants, Plaintiff suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension, serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and physical injuries, all of which are permanent in nature.

## FOURTH CAUSE OF ACTION

### Pursuant to State Law (RESPONDEAT SUPERIOR)

38. Paragraphs 1 through 37 are hereby re-alleged and incorporated by reference herein.

39. That at all times, Defendant Correction Officers were acting within the scope of their employment.

40. That Defendant CITY OF NEW YORK was able to exercise control over Defendant Corrections Officers' activities.

41. That Defendant CITY OF NEW YORK is liable for Defendant Corrections Officers' actions under the doctrine of Respondeat Superior.

42. By reason of the foregoing, Plaintiff suffered physical, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## FIFTH CAUSE OF ACTION

### Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

43. Paragraphs 1 through 42 are hereby realleged and incorporated by reference herein.

44. Defendants negligently and/or intentionally failed to arraign Plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

45. Said failure to promptly arraign Plaintiff caused his arrest to be void ab initio.

46. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional

distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## SIXTH CAUSE OF ACTION

### Pursuant to §1983 (Monell Claim)

47. Paragraphs 1 through 46 are hereby re-alleged and incorporated by reference herein.

48. Plaintiff Rivera was deprived of his constitutional rights by being treated inhumanely, being held without due process for approximately 14 days, not being provided adequate food and water, not being provided a bed or bedding to sleep on for an extended period of time and being maced in the face and being deprived of medical treatment.

49. At the time of the Plaintiff's incarceration the Covid-19 pandemic was at its height. During the time period the Plaintiff was arrested and incarcerated at Rikers Island there were many high profile media stories and accounts in print and broadcast media of horrific conditions at Rikers Island caused by Defendant New York City's depraved indifference and gross negligence with respect to inmates incarcerated at Rikers Island.

50. At the time of the Plaintiff's incarceration, the horrific, deplorable and inhumane conditions at Rikers Island were so widespread and known to the public that, although the practice may not have been expressly authorized, it constituted a custom and practice of which supervising policy makers must have been aware and acted inadequately to end.

51. The Defendant City of New York had employed a policy that amounted to deliberate indifference to Rivera's constitutional rights; and the policy was the moving force and causation behind the plaintiff's constitutional violations and injuries.

52. That Defendants failed to intervene when Defendants knew or should have known

9

that Plaintiff's constitutional rights were clearly being violated.

53. The Plaintiff was held for twelve days in horrible conditions and without being arraigned and therefore the Defendants had a realistic opportunity to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence.

54. A reasonable person in the Defendants' position would have known that Plaintiff's constitutional rights were being violated in light of the circumstances.

55. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of PLAINTIFF's rights, deprived PLAINTIFF of his liberty and due process when they failed to intervene to protect him from Defendants' violation of PLAINTIFF's civil rights pursuant to Fourteenth Amendment of the United States Constitution.

56. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of civil rights by defendant The City of New York and New York City Corrections Officers John Doe and Jane Doe 1-10. Thus, as a result of the above described policies and customs, PLAINTIFF was not protected from Defendants' unconstitutional actions.

57. That upon information and belief, at the time of Plaintiff's incarceration the conditions were so horrific and widespread that the is no other way but to conclude that there was the policy and/or custom of defendant City of New York to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

58. That as a result of the above described policies and customs, defendant City of New York, its staff, agents and employees of defendant City of New York believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

59. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant City of New York to the constitutional rights of detainees and were the cause of the violations of PLAINTIFF's rights alleged herein.

60. That in so acting, defendant City of New York abused its power and authority as policymaker of the New York City Department of Corrections under the color of State and/or local law.

61. That by reason of the foregoing, PLAINTIFF suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## SEVETH CAUSE OF ACTION

### (Pursuant to State Law) ASSAULT AND BATTERY STATE CLAIM

62. Paragraphs 1 through 61 are hereby re-alleged and incorporated by reference herein.

63. The representatives of the New York City and the New York City Department Corrections Officers John and Jane Doe 1-10 intentionally and or recklessly engaged harmful and offensive contact with the plaintiff while he was unlawfully confined at the Rikers Island/ Department of Corrections Facility.

11

64. The aforementioned offensive and inhumane conduct by the defendants was atypical and caused significant hardship to the Plaintiff which resulted in physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

**TIMELINESS OF PLAINTIFF'S CLAIMS**

65. The applicable statute of limitations for Plaintiff's claims is 1 year and 90 days or 455 days.  *See* CPLR § 217-A.

66. This claim is brought within the applicable statute of limitations.

**JURY DEMAND**

67. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff JOEL RIVERA demands judgment and prays for the following relief, jointly and severally, against Defendants:

1) Special and Compensatory damages in an amount to be determined upon the trial of the action;

2) Punitive damages in an amount to be determined upon the trial of the action;

3) Reasonable attorneys' fees, costs and disbursements of the action pursuant 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and any other applicable law;

4) Interest upon any monetary award made in this case; and

5) Such other and further relief as the Court deems just and proper.

Dated: March 20, 2023
      Queens, New York

                              **_/s/ Edward J. Muccini Esq._**
                              LAW OFFICE OF EDWARD J. MUCCINI PC
                              *Attorney for Plaintiff*
                              242-03 Northern Blvd
                              Douglaston, New York 11363
                              (718) 225-0205
                              Edwardmuccini@gmail.com