UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
JOEL RIVERA,

                Plaintiff,

   -against-

CITY OF NEW YORK, and NEW YORK CITY CORRECTIONS OFFICERS JOHN AND JANE DOE 1-10,

                Defendants.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:22-cv-00689-FB-JAM

*Appearances:*

*For the Plaintiff:*
EDWARD J. MUCCINI
Sacks & Muccini LLC
242-03 Northern Blvd
Little Neck, NY 11363

*For the City of New York:*
KELLYANNE HOLOHAN
New York City Law Department
Special Federal Litigation
100 Church Street
Ste 3-188
New York, NY 10007

**BLOCK, Senior District Judge:**

      Joel Rivera (the "Plaintiff") brings this civil-rights case against the City of New York (the "City") and New York City Corrections Officers John Doe and Jane Doe 1-10. Plaintiff makes a *Monell* claim against the City pursuant to 42 U.S.C. § 1983 and a host of claims against the unnamed individual officers based upon general allegations of federal and state law violations not before the Court on this present motion. Before the Court is the City's motion to dismiss Plaintiff's *Monell* claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the City's motion is GRANTED.

I.

The facts of this case arise from Rivera's arrest by the New York Police Department ("NYPD") on November 10, 2020. On November 12, 2020, Rivera was transported from NYPD custody to the Department of Corrections at Rikers Island. While in custody, Rivera alleged he was housed with approximately twelve other unmasked individuals during the COVID-19 pandemic, maced in the face and confined to a running shower without medical attention, and was not provided with adequate food or a bed for several days. He was not arraigned until November 23, 2020, after his attorney called the Department of Corrections legal department. Rivera then posted bail on December 16, 2020.

II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Id.* Courts should "draw all reasonable inferences in Plaintiffs' favor, assume all 'well-

pleaded factual allegations' to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal citations omitted).

To succeed on a *Monell* claim, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). Plaintiff's amended complaint bases his *Monell* claim on the City's failure to train its officers, evidenced by the pervasiveness of its allegedly violative practices. Am. Compl. ¶ 21–22, 56–57, ECF No. 16. But that is not enough to plead the first element of a *Monell* claim where Plaintiff only conclusorily alleges a policy or custom based on widespread claims of misconduct "in the news media in both print and broadcast" without identifying any of these reports or alleging other facts supporting his claim. *Id.* at ¶ 21–22.

Courts in this circuit have considered many *Monell* claims against the City for conduct at Rikers. Many complaints that survived 12(b)(6) motions cited to specific reports of widespread violations to establish a policy or custom. *See e.g., Clark v. City of New York*, No. 22-CV-5647, 2023 WL 4029514, at *3 (S.D.N.Y. June 15, 2023) (refusing to dismiss *Monell* claim because complaint cited specific public reports evidencing *de facto* policy); *White v. City of New York*, No. 13-CV-7421 (KPF), 2015 WL 4601121, at *6–9 (S.D.N.Y. July 31, 2015) (refusing to

dismiss *Monell* claim because plaintiff sufficiently pled policy or custom by citing to DOJ Findings Letter and identifying past lawsuits with similar allegations). Courts have dismissed such complaints that only conclusorily alleged a policy or custom. *See e.g.*, *Atadzhanov v. City of New York*, No. 21-CV-5098 (LJL), 2022 WL 4331304, at *11 (S.D.N.Y. Sept. 19, 2022) (dismissing *Monell* claim for failure to allege with greater detail City's failure to supervise and causal link to plaintiff's injury); *Fleming v. City of New York*, No. 18-CV-4866 (GBD), 2019 WL 4392522, at *6–9 (S.D.N.Y. Aug. 27, 2019) (dismissing *Monell* claim for failure to allege facts beyond "formulaic, boilerplate . . . conclusory allegations").

Plaintiff's complaint falls in the latter category and exhibits the deficiencies described in *Fleming v. City of New York*, 2019 WL 4392522. There, the complaint also attempted to allege a policy or custom based on a widespread practice and a failure to train. *Id.* at *8. The court found that "Plaintiff allege[d] no facts to support her sole threadbare statement that the *Monell* Defendants had a practice and custom . . . notwithstanding widespread reports of abuse and clear notice of the need for corrective action . . ." because that "'simple recitation . . . [did] not suffice to allege that a municipal custom or policy caused the plaintiff's injury.'" *Id.* at *9 (quoting *Dwares v. City of New York*, 985 F.2d 94, 100–01(2d Cir. 1993)). The complaint was also insufficient because it did "not explain which facts, other than her son's alleged experiences in prison, support[ed] her belief that his alleged

deprivation of rights . . . [was] part of the *Monell* Defendants' existing 'customs, patterns, or customs.'" *Id.* at *8 (quoting *D'Alessandro v. City of N.Y.*, 713 F. App'x 1, 10 (2d Cir. 2017)).

Plaintiff's complaint similarly fails to allege a custom beyond a "simple [conclusory] recitation" and relies solely on his own "alleged experiences in prison." *Id.* at *8–9. Unlike *Clark* and *White*, where the complaints identified specific sources that established the pervasiveness of certain practices, Plaintiff does not identify concrete facts sufficient to allege a policy or custom. *Cf. Clark*, 2023 WL 4029514, at *3 (public reports); *White*, 2015 WL 4601121, at *6–9 (DOJ Findings Letter and past lawsuits). Plaintiff failed to cure these deficiencies upon amending his complaint, and his *Monell* claim must be dismissed.

## III.

For the foregoing reasons, the City's motion is GRANTED and Plaintiff's *Monell* claim is dismissed.

**SO ORDERED.**

                                                     _/S/ Frederic Block_____
                                                     FREDERIC BLOCK
                                                     Senior United States District Judge

Brooklyn, New York
November 14, 2024